UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-1449(DSD/JJG)

Mohamed M. Essa (Agency File
No. A 29 886 819); Manasa G.
Zaky (Agency File No.
A46 434 866); Hao H. Quach
(Agency File No. A 72 633 849),

      Plaintiffs.

v.                                            **ORDER**

United States Citizenship
and Immigration Services,
("U.S. CIS"); Attorney General
of the United States Alberto
Gonzales; U.S. Department of
Homeland Security Secretary
Michael Chertoff; Director of
U.S. CIS, Eduardo Aguirre, Jr.;
and District Director of
U.S. CIS, Denise Frazier,

      Defendants.

      Bernard J. Robichaud, Jr., Esq. and Robichaud & Anderson, 211 Washington Avenue North, Minneapolis, MN 55401, counsel for plaintiffs.

      Mary J. Madigan, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendants.

      This matter is before the court upon petitioners' request for a hearing on their naturalization applications. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court remands the applications of petitioners Mohamed M. Essa and Manasa G. Zaky to the United States Citizenship

and Immigration Services for expedited resolution and dismisses the petition of Hao H. Quach for lack of jurisdiction.

**BACKGROUND**

Petitioner Mohamed M. Essa is a Yemen native, a citizen of Somalia and a lawful permanent resident of the United States. On December 9, 2003, Essa filed an application for naturalization with Citizenship and Immigration Services ("CIS"),[1] the division of the Department of Homeland Security that adjudicates naturalization applications. On December 15, 2003, CIS requested a background check by the Federal Bureau of Investigations (FBI). On December 19, 2003, the FBI processed that request. In April of 2004, Essa was interviewed regarding his naturalization application. On April 29, 2005, CIS requested the background check on Essa be expedited, but the check remains pending with the FBI.

Petitioner Manasa G. Zaky is a native and citizen of Egypt and a lawful permanent resident of the United States. On October 2, 2003, Zaky filed an application for naturalization with CIS. On October 10, 2003, CIS requested a background check by the FBI. On October 23, 2003, the FBI processed that request. On March 23, 2004, Zaky was interviewed regarding his naturalization

---

[1] CIS is a successor agency of the Immigration and Naturalization Service, which was abolished in 2002 with the creation of the Department of Homeland Security. See 6 U.S.C. §§ 271, 291.

2

application. On June 13, 2005, CIS requested that the background check on Zaky be expedited, but the check remains pending with the FBI.

Petitioner Hao H. Quach is a native and citizen of Vietnam and a lawful permanent resident of the United States. On April 15, 2004, Quach filed an application for naturalization with CIS. On October 27, 2004, Quach was interviewed regarding his naturalization application and received a written request that he provide CIS with proof of his registration with the Selective Service. On August 3, 2005, CIS denied Quach's application because he failed to submit evidence of registration with the Selective Service.

On July 20, 2005, Essa, Zaky and Quach ("petitioners") petitioned the court for a hearing on their respective naturalization applications because 120 days had passed since their naturalization interviews without a final determination by CIS. The petition requests, inter alia, that the court assume jurisdiction, grant the naturalization application of each petitioner and issue the naturalization oath.

**DISCUSSION**

The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). A district court has jurisdiction over naturalization applications in

3

only two contexts.  First, if an application has been denied, an applicant may seek a de novo review of the denial in district court, but only "after a hearing before an immigration officer under section 1447(a)."  8 U.S.C. § 1421(c).  Second, an applicant may apply to a district court for a hearing if CIS fails to make a determination on their application "before the end of the 120-day period after the date on which the examination is conducted."  8 U.S.C. § 1447(b).  The district court then has jurisdiction over the application to either "determine the matter or remand the matter, with appropriate instructions, to the Service."  Id.

Since 1997, Congress has required that a complete FBI criminal background investigation be conducted on each applicant for citizenship.  See Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, Pub. L. 105-119, tit. I, 111 Stat. 2440, 2448-49 (1997).  Accordingly, the regulations require CIS to "notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed."  8 C.F.R. § 335.2(b).  Following completion of the FBI's criminal background check, CIS must either grant or deny the application "within 120-days after the date of the initial examination of the applicant."  See id. § 335.3(a).

4

As to petitioner Quach, CIS denied his application in August of 2005 and he has not sought a hearing of that denial by an immigration officer. As a result, the court lacks jurisdiction to reach the merits of his petition. See 8 U.S.C. § 1421(c). Therefore, Quach's petition is dismissed for lack of jurisdiction.

As to petitioners Essa and Zaky, the court has jurisdiction to either determine or remand their respective naturalization applications because 120 days has passed since their initial examinations. See 8 U.S.C. § 1447(b).[2] The court, however, finds itself unable to adjudicate either application for the very reason CIS has been precluded from making a final decision — the FBI background check has not been completed. This procedural predicament would not have ensued if CIS had followed the

---

[2] The court is aware that on similar facts a petition was dismissed for lack of subject matter jurisdiction. See Danilov v. Aguirre, 370 F. Supp. 2d 441, 445 (E.D. Va. 2005). In reaching that conclusion, the Danilov court interpreted the statute's use of "examination" to refer to the entire information gathering process conducted by CIS. Id. at 443 (interpreting 8 U.S.C. § 1446). Accordingly, the Danilov court found that the 120-day period runs not from the date of the interview itself but rather from the date that all aspects of the examination process are completed, including the FBI's background check. See id. at 444. However, section 1447(b) states that the 120-day period runs from "the date on which the examination is conducted." 8 U.S.C. § 1447(b). The regulations specify that the FBI's background check is to be completed prior to the initial examination. See 8 C.F.R. § 335.2(b). Furthermore, a thorough reading of 8 C.F.R. § 335.2 in its entirety supports a conclusion that the statutory use of "examination" refers to the initial interview and not the entire investigatory process. Therefore, the court finds that the 120-day period runs from the date of the interview. See El-Daour v. Chertoff, No. Civ. A. 4-1911, 2005 WL 2106572, at *4 (W.D. Pa. Aug. 26, 2005) (holding the same).

5

regulatory requirement that the FBI check be completed prior to notifying Essa and Zaky to appear for their initial examinations. See 8 C.F.R. § 335.2(b).  The court is cognizant of petitioners frustration with the resultant delay in the adjudication of their applications.  However, petitioners have not identified any authority to support an adjudication of their applications by either CIS or the court without the FBI background check results.

Petitioners recognize that CIS is required to complete the criminal background check.  (See Pet. Hr'g Nat'n Appl'n ¶ 26.) Petitioners argue, however, that because CIS did not complete the check prior to their initial examinations, the awaiting of CIS for the results amounts to an unauthorized, ultra vires security measure.  The court respectfully disagrees.  To the contrary, the court finds that in light of the controlling statutory and regulatory provisions, CIS is without authority to act on petitioners' naturalization applications until the background check is completed.

Petitioners are not alone in the procedural plight of their naturalization applications. See, e.g., El-Daour v. Chertoff, No. Civ. A. 4-1911, 2005 WL 2106572 (W.D. Pa. Aug. 26, 2005); Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005); Sweilem v. United States Citizenship and Immigration Servs., No. 1:05CV125, 2005 WL 1123582 (N.D. Ohio, May 10, 2005).  However, as noted in El-Daour, the FBI criminal background check is a vital piece of information

and absent such information the court system is simply not equipped with the resources necessary to ensure a thorough investigation prior to the giving of the naturalization oath.  See 2005 WL 2106572 at *4-5.  Furthermore, to adjudicate petitioners' applications at this stage would contravene Congress's intent that an FBI background check is to be completed prior to the adjudication of every naturalization application.  For these reasons, and in light of today's national security concerns, a remand to CIS is warranted, with instructions that the agency expeditiously reach a determination on petitioners' applications upon the FBI's completion of the respective background checks.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Pursuant to 8 U.S.C. § 1421(c), the petition of Hao H. Quach for a hearing on his naturalization application [Docket No. 1] is dismissed for lack of jurisdiction.

2.   Pursuant to 8 U.S.C. § 1447(b), the petitions of Mohamed M. Essa and Manasa G. Zaky for a hearing on their naturalization applications [Docket No. 1] are remanded to CIS for prompt resolution.

Dated:   December 14, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court
